IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RUBIN CRAIN, IV, 120023660, <br> Plaintiff, <br> v. <br> CESAR AUGUSTO MENCHACA, ET AL., <br> Defendants. | No. 3:12-CV-4063-L |

## FINDINGS CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

## BACKGROUND

Plaintiff, a state prisoner, filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are Parkland Hospital nurses Cesar Menchaco, Ms. Trean, and Mr. Jerry, and Dallas County Jail Officers Ms. Lacy and John Doe.

Plaintiff states he was transferred from the Dallas County Jail to Dallas County Parkland Hospital because of an infected finger. Plaintiff states that, while at Parkland, nurse Cesar Menchaca fondled his genital area. His claims nurse Trean violated his rights by taking a lunch break, and assigning Menchaca as his nurse during the break. Plaintiff claims nurse Jerry violated his rights by asking him about the allegations. He claims Officers Lacy and John Doe violated his rights because they were in the hospital room when the examination and fondling occurred but they took no action. Plaintiff seeks to have nurse Menchaca arrested and also seeks

money damages.

**SCREENING**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged*." Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

**DISCUSSION**

To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

**1.    Cesar Menchaca**

Plaintiff alleges that nurse Cesar Menchaca fondled his genital area when he was hospitalized for an infected finger. Taking Plaintiff's allegations as true, the Court is unable to determine at this point that Plaintiff's allegations are frivolous. The Court finds that Plaintiff's

claims against Defendant Menchaca should proceed and process should be issued as to this Defendant.

**2.      Remaining Defendants**

Plaintiff's allegations against the remaining Defendants fail to state a claim for relief under § 1983. Plaintiff claims nurse Trean took her lunch break and that nurse Menchaca was assigned to her patients during this break. Plaintiff states nurse Jerry talked to him regarding his allegations against nurse Menchaca. These claims do not establish a violation of Plaintiff's constitutional rights.

Likewise, Plaintiff fails to state a claim against Officers Lacy and John Doe. He states these officers acted as his prison guards during his stay at Parkland. He states Officer John Doe was present during his first examination and assault by nurse Menchaca, and that Officer Lacy was present during the second examination and assault. Plaintiff, however, did not inform either officer during the examination that nurse Menchaca was sexually fondling him. There is no allegation that either officer had any knowledge that nurse Menchaca's examination of Plaintiff was improper. Although Plaintiff states he sought officer John Doe's "support and understanding" after the first assault, he does not state he made any allegation to the officer that he had just been assaulted by Menchaca. Plaintiff's claims against these Defendants should be dismissed.

Finally, to the extent Plaintiff sues any Defendant in their official capacity, Plaintiff's claims should be dismissed. A claim against a county employee in his official capacity is "to be treated as a suit against the [governmental] entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To hold Dallas County liable, Plaintiff must show that an "action pursuant to official

municipal policy" caused his injury. *Connick v. Thompson*, ___ U.S. ___, 131 S.Ct. 1350, 1359 (2011). Plaintiff must show that such a policy was the "moving force behind the constitutional violation at issue, or that [Plaintiff's] injuries resulted from the . . . policy." *Spiller v. City of Tex. City Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997). The description of the policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts. *Id*. Additionally, only an employee with final policymaking authority can create official municipal policy. *Brown v. City of Houston*, 337 F.3d 539, 541 (5th cir. 2003).

In this case, Plaintiff alleges no custom or policy implemented by either the Parkland Hospital Defendants or the Dallas County Jail Defendants. Plaintiff's claims against all Defendants in their official capacity should be dismissed.

## **RECOMMENDATION**

The Court recommends that: (1) Plaintiff's claims against Defendant Cesar Menchaca be served and that process be issued as to this Defendant; and (2) Plaintiff's remaining claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Signed this 20th day of December, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).