IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RUBIN CRAIN, IV, 120023660,      )
        Plaintiff,      )
v.      )    No. 3:12-CV-4063-L
      )
CESAR AUGUSTO MENCHACA, ET AL.,      )
        Defendants.      )

**SUPPLEMENTAL FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**BACKGROUND**

Plaintiff, a state prisoner, filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are Parkland Hospital ("Parkland"), Parkland nurses Cesar Menchaca, Ms. Trean, Ms. Teresa and Mr. Jerry, Dallas County Jail Officers Ms. Lacy and John Doe and the Dallas Sheriff Detention Bureau.

In Plaintiff's original complaint, he stated he was transferred from the Dallas County Jail to Dallas County Parkland Hospital because of an infected finger. Plaintiff stated that, while at Parkland, nurse Cesar Menchaca fondled his genital area. His claimed nurse Trean violated his rights by taking a lunch break, and assigning Menchaca as his nurse during the break. Plaintiff claimed nurse Jerry violated his rights by asking him about the allegations. He claimed Officers Lacy and John Doe violated his rights because they were in the hospital room when the

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**    Page -1-

examination and fondling occurred but they took no action.

After the Magistrate Judge entered Findings, Conclusion and a Recommendation, Plaintiff filed a motion to amend his complaint. The District Court re-referred this action in light of Plaintiff's motion to amend. The Magistrate Judge granted Plaintiff leave to amend his complaint.

Plaintiff's amended complaint adds Defendants Parkland Hospital, nurse Teresa and the Dallas Sheriff Detention Bureau as Defendants. He alleges that Parkland Hospital and the Dallas Sheriff Detention Bureau violated his civil rights by use of an unconstitutional custom or policy. He argues that nurse Teresa told nurse Menchaca to go home after she learned of the assault allegations.

Plaintiff seeks to have nurse Menchaca arrested, he request that the Court enact a "Mercy Response Act" to regulate the transfer of prisoners to Parkland for treatment and he seeks money damages.

## SCREENING

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

**DISCUSSION**

To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

**1.     Cesar Menchaca**

Plaintiff alleges that nurse Cesar Menchaca fondled his genital area when he was hospitalized for an infected finger. Taking Plaintiff's allegations as true, the Court is unable to determine at this point that Plaintiff's allegations are frivolous. The Court finds that Plaintiff's claims against Defendant Menchaca should proceed. The Court has issued process as to this Defendant.

**2.     Parkland Hospital**

Plaintiff alleges Parkland has a custom or policy regarding supervision of its employees that allowed nurse Menchaca to sexually assault him. Taking Plaintiff's allegations as true, the Court is unable to determine at this point that Plaintiff's allegations are frivolous. The Court finds Plaintiff's claims against Defendant Parkland Hospital should proceed and process should be issued as this Defendant.

**3.     Dallas Sheriff Detention Bureau**

Plaintiff states the Dallas Sheriff Detention Bureau used a custom or policy that violated

his civil rights. A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority." *Darby*, 939 F.2d at 313 (agency of city government). Governmental offices and departments do not have a separate legal existence. *See, e.g. Magnett v. Dallas County Sheriff's Department*, No. 3:96-CV-3191, 1998 U.S. Dist. WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (finding Dallas County Sheriff's Department not a legal entity); *Lindley v. Bowles*, No. 3:02-CV-595-P, 2002 WL 1315466 at *2 (N.D. Tex. June 12, 2002) (finding Dallas County Jail is not a proper defendant with a jural existence). *Prenosil v. Dallas County Jail,* No. 3:93-CV-1130-D, slip op. at 2 (N.D. Tex. Jan. 2, 1995) (same). The Dallas Sheriff Detention Bureau is a nonjural entity. This Defendant should therefore be dismissed.

**4.     Remaining Defendants**

Plaintiff's allegations against the remaining Defendants fail to state a claim for relief under § 1983. Plaintiff claims nurse Trean took her lunch break and that nurse Menchaca was assigned to her patients during this break. Plaintiff states nurse Jerry talked to him regarding his allegations against nurse Menchaca. Plaintiff states nurse Teresa told nurse Menchaca to leave his shift and go home after she heard about the assault allegations. These claims do not establish a violation of Plaintiff's constitutional rights.

Likewise, Plaintiff fails to state a claim against Officers Lacy and John Doe. He states these officers acted as his prison guards during his stay at Parkland. He states Officer John Doe was present during his first examination and assault by nurse Menchaca, and that Officer Lacy

was present during the second examination and assault. Plaintiff, however, did not inform either officer during the examination that nurse Menchaca was sexually fondling him. There is no allegation that either officer had any knowledge that nurse Menchaca's examination of Plaintiff was improper. Although Plaintiff states he sought officer John Doe's "support and understanding" after the first assault, he does not state he made any allegation to the officer that he had just been assaulted by Menchaca. Plaintiff's claims against these Defendants should be dismissed.

**5.     Dallas County Official Capacity Claims**

To the extent Plaintiff sues the Sheriff Detention Bureau officers in their official capacities, his allegations fail to state a claim under § 1983. As discussed above, Plaintiff has failed to plead sufficient factual content to support a violation of his constitutional rights by Officers Lacy or John Doe. Plaintiff's claims against these Defendants in their official capacities should be dismissed.

**RECOMMENDATION**

The Court recommends that: (1) Plaintiff's claims against Defendant Parkland Hospital be served and that process be issued as to this Defendant; and (2) Plaintiff's remaining claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Signed this 4th day of February, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).