IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RUBIN CRAIN, IV, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:12-CV-4063-L (BF) |
| § | |
| CESAR AUGUSTO MENCHACA, et al., § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), and a Standing Order of Reference from the District Court, this case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Defendant Cesar Augusto Menchaca's ("Menchaca") Motion to Dismiss (doc. 34, "Motion to Dismiss"), filed on March 6, 2013. Plaintiff Rubin Crain, IV ("Plaintiff") filed his response to the Motion to Dismiss (doc. 48) on April 23, 2013. Menchaca filed his reply on May 1, 2013. For the following reasons, this Court recommends that the District Court **DENY,** in part, and **GRANT,** in part, Menchaca's Motion to Dismiss.

**Background**

Plaintiff, a state prisoner, is proceeding *pro se* and originally filed his complaint (doc. 3) against various defendants on October 11, 2012, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. On January 4, 2013, Plaintiff filed a motion to amend his complaint (doc. 14) which the District Court granted. Upon this Court's recommendation, the District Court dismissed several defendants from the lawsuit, however, Menchaca and Parkland Health & Hospital System ("Parkland") were not dismissed. Additionally, upon Plaintiff's request, this Court subsequently allowed Plaintiff to amend his complaint to add Nurses Now International ("NNI") as

a defendant and any corresponding claims against NNI (doc. 36).

Plaintiff's allegations stem from his hospitalization at Parkland from April 9, 2012, through May 11, 2012. (Pl.'s Compl. at 4.) Plaintiff avers that on April 9, 2012, he was transferred from the Dallas County Jail to Parkland due to an infection in his right index finger. (*Id.*) Plaintiff alleges that Parkland performed two operations on his finger on April 9 and April 13, 2012. (*Id.*) Plaintiff claims that Menchaca, a nurse at Parkland, conducted two physical examinations, neither of which Plaintiff consented to, wherein he fondled Plaintiff's genital area. (*Id.*) Plaintiff alleges that these incidents occurred on April 25 and May 3, 2012. (*Id.*) Following the second physical examination, Plaintiff reported the sexual assault to the on-call nurse and filed a grievance and complaint against Menchaca with Parkland. (*Id.*) Similarly, Plaintiff also filed an inmate grievance with the Dallas County Sheriff Detention Bureau for not ensuring his safety while at Parkland, and a complaint with the Dallas Police Department. (*Id.* at 4-5.)

Plaintiff alleges that Parkland failed to perform a follow-up assessment on Plaintiff after he reported the sexual assault to the other medical staff. (Pl.'s Am. Compl. at 3.) Plaintiff claims that if a follow-up had been performed by Parkland then it would have revealed a small cut and bruise on Plaintiff's right hip and groin area. (*Id.* at 3-4.) Plaintiff avers that he was treated at the medical center in the Dallas County Sheriff Detention Bureau on July 5, 2012, because the small cut and bruise got infected. (*Id.* at 4.) The infection in the cut and bruise was the same infection Plaintiff had in his right index finger which initially caused Plaintiff to be hospitalized at Parkland. (*Id.*)

Menchaca has filed a motion to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief can be granted. Because Plaintiff is proceeding *pro se,* this Court will consider both his original complaint and his amended complaint

(doc. 14, entitled "motion to amend complaint") in determining whether Plaintiff has stated a claim against Menchaca upon which relief can be granted.

## **Standard of Review**

While the court is to liberally construe the pleadings of *pro se* litigants, *pro se* parties are not exempt from complying with court rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). FED. R. CIV. P. 8(a)(2) provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." According to the United States Supreme Court, Rule 8(a)(2) requires a pleading to have "facial plausibility." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must be able to draw the reasonable inference from the pleading that the defendant is liable for the misconduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556). A defendant may seek a Rule 12(b)(6) dismissal if a pleading fails to establish facial plausibility. *See* FED. R. CIV. P. 12(b)(6); *id.* at n.3.

Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action is not sufficient. *Twombly*, 550 U.S. at 555. Factual allegations must be sufficient to raise a right to relief above the speculative level. *Id.* at 555-56. Moreover, a court must assume that all of the factual allegations in the complaint are true, even if doubtful in fact. *Id.*

In deciding a motion to dismiss, the court does not evaluate a plaintiff's likelihood of success; the court only determines whether a plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A court generally cannot

look beyond the pleadings when resolving a Rule 12(b)(6) controversy. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

## Analysis

**42 U.S.C. § 1983**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.[1] In order to be successful on a § 1983 claim, a plaintiff must prove two elements: 1) that he was deprived of rights secured by the Constitution or laws of the United States, and 2) that a person acting under the color of state law violated those rights. *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994). Menchaca does not contest whether a constitutional violation occurred but, instead, contends that Plaintiff has not pled facts demonstrating that he was a person acting under the color of state law. (Def.'s Mot. to Dismiss at 7-10.)

Menchaca's argument is premised upon Plaintiff's allegation in his second amended complaint (doc. 25) that Menchaca was a nurse employed by NNI, a company that contracts with Parkland to supply nurses. (*Id.* at 5.) Menchaca contends, and cites to relevant case law, that because Plaintiff alleged that he was a private nurse employed by a private company, he is not a state actor

---

[1] Section 1983 provides, in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.

4

for § 1983 purposes. (*Id.* at 8-9.) However, Menchaca concedes that in his original complaint, Plaintiff alleged that Menchaca was a nurse employed by Parkland, which is a public hospital owned by Dallas County. (*Id.* at 1-2.) In addition, in Plaintiff's response to Menchaca's Motion to Dismiss, it appears that Plaintiff reaffirms his allegation that Menchaca was employed by Parkland. (Pl.'s Resp. at 2-3) ("[a]nd in the color of state law(s) as well as the breach of contract and malpractice concerning 'PHHS' by having, *hiring*, and allowing 'Menchaca' as a licensed (RN) of Texas in which is a 'state actor' for the Parkland Hospital System . . . .") (emphasis added).

Because Plaintiff is proceeding *pro se,* and this Court is thereby liberally construing his pleadings, the Court cannot find that Menchaca was not acting under the color of state law merely because Plaintiff alleged that Menchaca was employed by NNI in his second amended complaint (doc. 25). The Fifth Circuit, as well as this Court, has found that employees of public hospitals, such as Parkland, are state actors under § 1983. *See Atteberry v. Nocona Gen. Hosp.,* 430 F.3d 245, 253 (5th Cir. 2005) (affirming district court's denial of motion to dismiss because nurse working at a state hospital was a state actor for § 1983 purposes); *Morris v. Dallas Cnty.,* No. 3:11-CV-0527-K, 2013 WL 3014673, at *9 (N.D. Tex. June 18, 2013) (finding that the employees, including nurses, of the Dallas County Hospital District d/b/a Parkland Memorial Hospital were state actors under § 1983). Taking the factual allegations in Plaintiff's complaints as true, Menchaca may be employed by either Parkland or NNI and, thus, may be considered a state actor under § 1983. Accordingly, Plaintiff has stated a legally cognizable claim under § 1983 and his claim should therefore not be dismissed.[2]

---

[2] This Court need not address whether Plaintiff sufficiently alleged a constitutional violation, as Menchaca does not seek dismissal of his § 1983 claim based on this ground.

5

**Prison Litigation Reform Act**

In his Motion to Dismiss, Menchaca additionally argues that Plaintiff has failed to state a claim upon which relief can be granted because he failed to allege more than a *de minimis* injury as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. (Def.'s Mot. to Dismiss at 10-11.) The Prison Litigation Reform Act provides, in relevant part:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).

42 U.S.C. § 1997e(e).[3] A "sexual act" is defined as:

> **(A)** contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however, slight;
>
> **(B)** contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
>
> **(C)** the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or
>
> **(D)** the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

18 U.S.C. § 2246.

Menchaca does not address the issue of a "sexual act" in his Motion to Dismiss because his motion was filed on March 6, 2013, a day before the statute was amended. Nevertheless, the

---

[3] The Court notes that the PLRA was amended on March 7, 2013. This particular section of the statute was amended to include the phrase "the commission of a sexual act."

allegations in Plaintiff's complaints do not meet the definition of a "sexual act" because Plaintiff only alleges that Menchaca fondled his genital area, not through his clothing, but Plaintiff does not claim that he had not attained the age of 16 at the time of the alleged incident. (*See* Pl.'s Compl. at 9) (Menchaca performed "some kind of physical examination by undoing my pants and handling my penis . . . ."); (*id.* at 14) ("Nurse Cesar undo my hospital pants and grab my penis while he continue to check my breathing in my chest and side with the stethoscope at which he continue to move up and down and handling my penis . . . ."); (*id.* at 16-17) (Menchaca "can tell by the pulse that's in his hand in which it's my penis . . . as he continue too [sic] have my pants open and moving up and around my penis as he holding it in his hand . . . ."). Thus, the issue of whether there was a commission of a "sexual act" is inconsequential.

Since Plaintiff has failed to allege a "sexual act" under the PLRA, Plaintiff must allege a "physical injury" in order to recover compensatory damages for his mental anguish and emotional injuries. *See Alexander v. Tippah Cnty., Miss.*, 351 F.3d 626, 631 (5th Cir. 2003). The statutory "physical injury" requirement mandates that the injury "be more than *de minimis* but need not be significant." *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). In *Siglar,* the Fifth Circuit determined that a sore, bruised ear that lasted for 3 days, but did not require medical treatment was a *de minimis* injury which did not suffice to support a § 1983 claim. *Id.* at 193-94. On the other hand, in *Gomez,* the Fifth Circuit found that cuts, scrapes, and contusions to the head, face, and body could be more than *de minimis* where the plaintiff sought medical treatment for his injuries. *Gomez v. Chandler,* 163 F.3d 921, 925 (5th Cir. 1999).

In this case, Plaintiff alleges a physical injury of a small cut and bruise on his right hip and groin area. Menchaca contends, however, that Plaintiff fails to allege a physical injury by Menchaca

7

because Plaintiff does not allege that Menchaca caused this injury or how and where he received the injury. (Def.'s Mot. to Dismiss at 11.) Menchaca additionally argues that the allegations in Plaintiff's original complaint do not support the conclusion that Menchaca caused this injury. (*Id.)* Nonetheless, the allegations in Plaintiff's amended complaint do support such a conclusion. Plaintiff claims that if a follow-up would have been performed by Parkland, after Plaintiff reported Menchaca's sexual assault to the other medical staff, then the examination would have revealed a small cut and bruise on Plaintiff's right hip and groin area. (Pl.'s Am. Compl. at 3-4.) Menchaca's argument that Plaintiff failed to allege where he received the small cut and bruise is simply inaccurate because Plaintiff alleged that he had a small cut and bruise to his "right hip and/or actual groin area." (*Id.* at 4.) Furthermore, in his response to Menchaca's Motion to Dismiss, Plaintiff contends that he received the small cut and bruise from Menchaca fondling his genital area. (Pl.'s Resp. to Mot. to Dismiss at 3.) Plaintiff does not allege, however, that he received medical treatment for this injury until July of 2012 when the cut became infected. (Pl.'s Am. Compl. at 4.)

The Court finds that contrary to Menchaca's argument, Plaintiff has alleged a physical injury that was caused by Menchaca under the PLRA. However, the Court need not decide today whether this alleged injury was more than *de minimis*. In his Motion to Dismiss, Menchaca contends that failure to meet the *de minimis* standard is a complete bar to recovery under the PLRA and would require dismissal of Plaintiff's claims. However, while the failure to allege a physical injury prevents a plaintiff from recovering compensatory damages due to mental and emotional injuries under § 1997e(e), failure to allege a physical injury is not necessarily dispositive of a civil rights claim. *See Kossie v. Crain*, 354 Fed. Appx. 82, 83 (5th Cir. 2009) (explaining that failing to satisfy the requirements of § 1997e(e) forecloses actions for money damages, but not actions for injunctive or

declaratory relief); *Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007) (holding that a plaintiff may recover nominal or punitive damages despite failing to meet § 1997e(e) if he can show a violation of his constitutional rights); *Williams v. Kaufman Cnty.*, 352 F.3d 994, 1014 (5th Cir. 2003) ("The law is well-established in this Circuit that plaintiffs may recover nominal damages when their constitutional rights have been violated but they are unable to prove actual injury."). Accordingly, at this stage of the litigation, even if Plaintiff failed to allege a physical injury that was more than *de minimis,* his claims can still survive a Rule 12(b)(6) motion to dismiss based on other theories of recovery if his constitutional rights were violated by Menchaca. Therefore, Plaintiff's claims should not be dismissed under the PLRA.

**Federal Tort Claims Act**

In Plaintiff's response to Menchaca's Motion to Dismiss, and in his response to this Court's questionnaire, Plaintiff avers that Menchaca should also be held liable pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*. (Pl.'s Resp. to Mot. to Dismiss at 5; Pl.'s Resp. to Questionnaire at 4.) However, the FTCA is inapplicable to Menchaca because Menchaca was not a federal employee acting within the scope of his employment at the time of the alleged offense, regardless of whether he was employed by Parkland or NNI. *See Rodriguez v. Sarabyn,* 129 F.3d 760, 765 (5th Cir. 1997) (explaining that the FTCA is only applicable to employees of the government, which includes "officers or employees of any federal agency . . . and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation.") (quoting 28 U.S.C. § 2671); *Bodin v. Vagshenian*, 462 F.3d 481, 484 (5th Cir. 2006) (sovereign immunity, which is enjoyed by the United States, is waived by the FTCA only when the tortfeasor acts within the scope of his employment).

9

Accordingly, to the extent Plaintiff brings a claim pursuant to the FTCA against Menchaca, such claim should be dismissed.[4]

### Recommendation

For the foregoing reasons, this Court recommends that the District Court **DENY,** in part, and **GRANT,** in part**,** Menchaca's Motion to Dismiss (doc. 34). Specifically, the Court recommends that Plaintiff's claim brought pursuant to the FTCA should be dismissed with prejudice, but his § 1983 claim should be allowed to proceed.

**SO RECOMMENDED**, October 21, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[4] Menchaca additionally argues that Plaintiff's request for an investigation and arrest fails to state a claim under Rule 12(b)(6). (Def.'s Mot. to Dismiss at 12.) However, Plaintiff's request for an investigation and arrest is presented in his complaints as a request for relief, which is improper for this Court to consider at this stage of the litigation. (*See* Pl.'s Compl. at 12; Pl.'s Am. Compl. at 7-8.)

10

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).