IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RUBIN CRAIN, IV,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-4063-L (BF) |
| | § | |
| **CESAR AUGUSTO MENCHACA, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), and a Standing Order of Reference from the District Court, this case has been referred to the United States Magistrate Judge for pretrial management. Plaintiff Rubin Crain, IV ("Plaintiff") filed his complaint (doc. 3) naming several defendants on October 11, 2012. Upon this Court's recommendation, the District Court dismissed some of these defendants, however, Cesar Augusto Menchaca and Parkland Health & Hospital System were not dismissed. Additionally, upon Plaintiff's request, this Court subsequently allowed Plaintiff to amend his complaint to add Nurses Now International ("NNI") as a defendant and any corresponding claims against NNI (doc. 36). A summons was issued for NNI (doc. 37), but was returned unexecuted because the U.S. Marshal's Service was informed that NNI's registered agent was in Mexico (doc. 40).

On April 16, 2013, this Court ordered Plaintiff to provide the address for the registered agent of NNI for service of process in Texas (doc. 46). However, Plaintiff failed to provide an address. Accordingly, on July 12, 2013, this Court entered an order warning Plaintiff that his failure to provide an address for NNI's registered agent in Texas would lead to this Court recommending NNI be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b) (doc. 61). On July

26, 2013, Plaintiff submitted an address for NNI at El-Centro College in Dallas, Texas and a Virginia address for the vice-chairman of NNI, Mr. David Roth (doc. 62). Notwithstanding, neither of these addresses are proper for serving process on NNI's registered agent in Texas. Upon a brief investigation by this Court, it appears that NNI may not have a registered agent for service of process in Texas.

A court can dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.,* 370 U.S. 626 (1962)). Plaintiff has failed to provide this Court with a proper address for service of process on the registered agent of NNI in Texas. Accordingly, NNI should be dismissed from this lawsuit for want of prosecution.

### Recommendation

This Court recommends that the District Court dismiss NNI from this action without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

**SO RECOMMENDED**, October 21, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).