IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RUBIN CRAIN, IV,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-4063-L** |
| | § | |
| **CESAR AUGUSTO MENCHACA,** *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

# ORDER

This case was referred for screening to Magistrate Judge Paul D. Stickney, who entered three separate Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Reports") on October 21, 2012 (Docs. 68-70), recommending: (1) that Defendant Cesar Augusto Menchaca's Motion to Dismiss (Doc. 34) be granted as to Plaintiff's claim under the Federal Tort Claims Act ("FTCA") and denied as to his claim under 42 U.S.C. § 1983 ("section 1983 claim"); (2) that the Motion to Dismiss of Defendant Parkland Hospital (Doc. 41) be granted and all claims against it dismissed with prejudice; (3) and that Plaintiff's claims against Defendant Nurses Now International ("NNI") be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to provide the court with information requested regarding the address for NNI's registered agent for service of process.

Plaintiff's deadline to file objections to the Reports was extended to December 9, 2013. On December 4, 20123, Plaintiff filed his "[O]bject[ion]/Appeal re Infecta to Respice Finen for Answer(s) to Dismissal (Doc. 75), which the court construes as objections to the Reports. On December 12, 2013, after the extended deadline for filing objections had expired, Plaintiff also filed

"Plaintiff's Motion Suo Marte Soluitur Ambulando (Doc. 78). As best as the court can determine, Plaintiff filed the Motion Suo Marte Soluitur Ambulando to assert additional objections to the Reports, except that he notes that he does not object to the magistrate judge's recommendation regarding NNI. Even if the court construes the Motion Suo Marte Soluitur Ambulando as objections that were filed timely, it determines that these and Plaintiff's prior objections should be and are hereby **overruled.**

Accordingly, after reviewing the pleadings, objections, record in this case, applicable law, the court determines that the magistrate judge's findings and conclusions set forth in the three Reports are correct and **accepts** them as those of the court. The court therefore **dismisses without prejudice** Plaintiff's claims against NNI pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and comply with court orders. The court **grants in part and denies in part** Defendant Cesar Augusto Menchaca's Motion to Dismiss (Doc. 34). Specifically, Defendant Cesar Augusto Menchaca's Motion to Dismiss is **granted** as to Plaintiff's claim under the FTCA, which is **dismissed with prejudice**, and **denied** as to his section 1983 claims. Finally, the court **grants** the Motion to Dismiss of Defendant Parkland Hospital (Doc. 41) and **dismisses with prejudice** all of Plaintiff's claim against it.

As Plaintiff's claims against all Defendants in this action except for Cesar Augusto Menchaca have been dismissed, the court expressly determines, pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason to delay the entry of final judgment in this case as to the dismissed Defendants. The court therefore **directs** the clerk of the court to enter a final judgment as to Defendants Parkland Health and Hospital System; nurses Ms. Treani and Mr. Jerry; and Dallas County Jail Officers Ms. Lacy and John Doe.

**It is so ordered** this 2nd day of January, 2014.

_____
Sam A. Lindsay
United States District Judge