IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUBIN CRAIN, IV, 12023660, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-4063-L (BF) |
| | § | |
| CESAR AUGUSTO MENCHACA, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS & RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Title 28, United States Code, Section 636(b) and a Standing Order of Reference from the District Court, this case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Plaintiff Rubin Crain, IV's ("Plaintiff") Motion for Preliminary Injunction, filed January 15, 2014 [D.E. 84]. Defendant Cesar Augusto Menchaca ("Menchaca") filed his response on April 24, 2014 [D.E. 95].

**Background**

Plaintiff, a state prisoner, is proceeding *pro se* and originally filed his complaint against various defendants on October 11, 2012, alleging violations of his constitutional rights pursuant to Title 42, United States Code, Section 1983. *See* Compl. [D.E. 3]. Plaintiff's allegations stem from his hospitalization at Parkland from April 9, 2012, through May 11, 2012. *See* Compl. [D.E. 3 at 4]. Plaintiff avers that on April 9, 2012, he was transferred from the Dallas County Jail to Parkland due to an infection in his right index finger. *See id.* [D.E. 3 at 4]. Plaintiff alleges that Parkland performed two operations on his finger on April 9 and April 13, 2012. *See id.* [D.E. 3 at 4]. Plaintiff claims that Cesar Augusto Menchaca ("Menchaca"), a nurse at Parkland, conducted two physical examinations, neither of which Plaintiff consented to, wherein he fondled Plaintiff's genital area. *See*

*id.* [D.E. 3 at 4-5]. Plaintiff alleges that these incidents occurred on April 25 and May 3, 2012. *See id.* [D.E. 3 at 4]. Following the second physical examination, Plaintiff filed a grievance and a complaint against Menchaca with Parkland. *See id.* [D.E. 3 at 4]. Similarly, Plaintiff also filed an inmate grievance with the Dallas County Sheriff Detention Bureau for not ensuring his safety during his time at Parkland, and also filed a complaint with the Dallas Police Department. *See id.* [D.E. 3 at 4-5]. On January 4, 2013, Plaintiff filed a motion to amend his complaint which the Court granted. *See* Mot. to Am. [D.E. 14]; Order [D.E. 21]. Plaintiff amended his Complaint to add Defendants Parkland Hospital, nurse Teresa and the Dallas County Sheriff Detention Bureau as defendants. *See* Mot. to Am. [D.E. 14 at 1-2]. Plaintiff alleges in his Amended Complaint that Parkland Hospital and the Dallas County Sheriff Detention Bureau violated his civil rights by use of an unconstitutional custom or policy. *See id.* [D.E. 14 at 1-2]. Plaintiff also alleges that nurse Teresa told Menchaca to go home after she became aware of the assault allegations. *See id.* [D.E. 14 at 1-2]. Upon recommendation, all defendants, with the exception of Menchaca have been dismissed from this lawsuit.

**Standard of Review**

In order to obtain a preliminary injunction, Plaintiff must establish the following: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if an injunction is not granted; (3) that the threatened injury outweighs the threatened harm the injunction may cause Defendant; and (4) that granting a preliminary injunction is not contrary to the public interest. *TF-Harbor, LLC v. City of Rockwall*, No. 3:13-CV-4318-D, 2014 WL 1875918, at *16 (N.D. Tex. May 9, 2014). "A preliminary injunction 'is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of

persuasion." *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (quoting *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989)). "The decision to grant a preliminary injunction 'is to be treated as the exception rather than the rule.'" *Id.* (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)).

## Analysis

Plaintiff seeks injunctive relief as sanctions for Menchaca's alleged failure to comply with the Scheduling Order and adequately answer Plaintiff's Complaint. *See* Mot. for Prelim. Inj. [D.E. 84 at 3-4]. Injunctive relief is not the proper remedy for the conduct alleged by Plaintiff. While the Court is to liberally construe Plaintiff's motion given his *pro se* status, Plaintiff is not excused from complying with court rules of procedural and substantive law. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)). Because Plaintiff has wholly failed to demonstrate his entitlement to a preliminary injunction, Plaintiff's request should be denied.

## Recommendation

For the foregoing reasons, the undersigned respectfully recommends that the Court DENY Plaintiff's Motion for Preliminary Injunction [D.E. 84].

**SO RECOMMENDED**, this 20th day of May, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).