**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **RUBIN CRAIN, IV, #12023660,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:12-CV-4063-L (BF)** |
| | § | |
| **CESAR AUGUSTO MENCHACA,** | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS & RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Title 28, United States Code, Section 636(b) and a Standing Order of Reference from the District Court [D.E. 30], this case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Defendant Cesar Augusto Menchaca's ("Menchaca") Motion for Summary Judgment [D.E. 130]. For the following reasons, the undersigned respectfully recommends that the Court DENY the Motion for Summary Judgment [D.E. 130].

**Background**

Plaintiff Rubin Crain ("Plaintiff"), a *pro se* state prisoner, filed his complaint against various defendants on October 11, 2012 alleging violations of his constitutional rights pursuant to Title 42, United States Code, Section 1983 ("Section 1983"). *See* Compl. [D.E. 3]. Plaintiff's allegations stem from his hospitalization at Parkland Hospital from April 9, 2012 through May 11, 2012. *See id*. [D.E. 3 at 4]. Plaintiff states that on April 9, 2012, he was transferred from the Dallas County Jail to Parkland Hospital due to an infection in his right index finger. *See id.* [D.E. 3 at 4]. Plaintiff contends that he had two operations on his finger at Parkland Hospital on April 9 and 13, 2012. *See id.* [D.E. 3 at 4]. Plaintiff claims that Menchaca, a nurse at Parkland Hospital, conducted two physical examinations without his consent wherein he fondled Plaintiff's genital area. *See id.* [D.E.

3 at 4-5]. Plaintiff alleges that these incidents occurred on April 25 and May 3, 2012. *See id.* [D.E. 3 at 4]. Following the second physical examination, Plaintiff filed a grievance and a complaint against Menchaca with Parkland Hospital. *See id.* [D.E. 3 at 4]. Plaintiff also filed an inmate grievance with the Dallas County Sheriff Detention Bureau for not ensuring his safety during his time at Parkland Hospital and a complaint with the Dallas Police Department. *See id.* [D.E. 3 at 4-5].

On January 4, 2013, Plaintiff filed a motion to amend his complaint which was granted by the Court. *See* Mot. to Am. [D.E. 14]; Order [D.E. 21]. Plaintiff amended his Complaint to add Parkland Hospital, Nurse Teresa and the Dallas County Sheriff Detention Bureau as defendants. *See* Mot. to Am. [D.E. 14 at 1-2]. Plaintiff alleges in his Amended Complaint that Parkland Hospital and the Dallas County Sheriff Detention Bureau violated his civil rights through the use of an unconstitutional custom or policy. *See id.* [D.E. 14 at 1-2]. Plaintiff also alleges that Nurse Teresa told Menchaca to go home after she became aware of Plaintiff's assault allegations. *See id.* [D.E. 14 at 1-2]. Upon recommendation, all defendants, with the exception of Menchaca have been dismissed from this lawsuit. On September 29, 2014, Menchaca filed his Motion for Summary Judgment arguing that Plaintiff's claims against him should be dismissed for the following reasons: (1) Menchaca was not a state actor; (2) there is no evidence that a physical injury existed in April or May of 2012; (3) there is no probative evidence that Menchaca caused a physical injury as required by the Prison Litigation Reform Act ("PLRA"); and (4) Plaintiff has no expert testimony to support his damages claim or to show causation. *See* Def.'s Br. [D.E. 131 at 11].

**Standard of Review**

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party seeking

summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The movant's burden can be satisfied by showing the court that there is an absence of evidence to support the nonmoving party's case on which that party would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). Further, "[d]istrict courts can make appropriate allowances for *pro se* [summary judgment] responses that may be somewhat less-artfully written than those of represented parties." *Bookman v. Shubzda*, 945 F. Supp. 999, 1005 (N.D. Tex. 1996).

## Analysis

### 1. State Actor

Menchaca initially argues that Plaintiff's Section 1983 claim fails because Plaintiff can provide no summary judgment evidence showing that Menchaca is a state actor. *See* Def.'s Br. [D.E. 131 at 14]. Menchaca argues that the only basis for state-actor status alleged by Plaintiff to date is that Menchaca holds a Texas nursing license which is insufficient to convert him into a state actor for Section 1983 purposes. *See id.* [D.E. 131 at 16]. Menchaca also contends that Plaintiff's filings contain inconsistent allegations regarding Menchaca's actual employer, on the one hand alleging that he was employed by Parkland Hospital, and on the other hand alleging that Menchaca was a private nurse working for a private company, Nurses Now International, which contracted with Parkland

Hospital at the time Menchaca was assigned at Parkland. *See id.* [D.E. 131 at 16-17]. Menchaca contends that at the time he was assigned to Parkland Hospital, he was a direct employee of MexConnex USA, LLC d/b/a Nurses Now International ("MexConnex") and that he was never an employee of or compensated by Parkland Hospital. *See id.* [D.E. 131 at 17]. Menchaca points to provisions in the Staffing Agreement between MexConnex and Parkland Hospital which state that MexConnex maintains sole and direct responsibility for Menchaca's compensation and that Menchaca is not an employee of Parkland Hospital. *See id.* [D.E. 131 at 17].

"The under color of state law element of a Section 1983 claim requires that the conduct allegedly causing the deprivation of [the plaintiff's rights] be fairly attributable to the State." *See Duffie v. Wichita Cnty.*, 990 F. Supp. 2d 695, 721 (N.D. Tex. 2013) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 93 (1982)) (internal quotations omitted). In *Duffie v. Wichita County*, the Court found that an allegation of a contract between Wichita County and Correctional Healthcare Management, Inc. ("CHM"), a contractor for inmate medical care at Wichita County Jail that employed Allison Smith, R.N. ("Smith") sufficiently stated a colorable claim that CHM and Smith were acting under color of state law. *See Duffie*, 990 F. Supp. 2d at 721. In support of this finding, the *Duffie* Court cited *West v. Atkins*, 487 U.S. 42, 54-57 (1988) and *Loosier v. Unknown Medical Doctor*, 435 F. App'x 302, 307-08 (5th Cir. 2010). In *West v. Atkins*, the Supreme Court determined that a private physician under contract with the state of North Carolina (but not employed by the state) to provide medical services to the prison inmates acted under color of state law when treating inmates. *See West*, 487 U.S. at 55-57. In *Loosier v. Unknown Medical Doctor*, the Fifth Circuit also recognized that private medical providers acting under a contract with the state to provide medical services to prisoners may nevertheless be state actors. *See Loosier*, 435 F. App'x at 307-08. Here,

Menchaca contends that he provided medical services to Plaintiff pursuant to the Staffing Agreement between MexConnex and Parkland Hospital. *See* Def.'s Br. [D.E. 131 at 17]. Therefore, Menchaca's argument that Plaintiff's Section 1983 claim fails because Menchaca was an employee of MexConnex rather than Parkland Hospital lacks merit, and Plaintiff's Section 1983 claim should not be dismissed on this ground. *See West*, 487 U.S. at 56-57 & n.14 ("Whether a physician is on the state payroll or is paid by contract, the dispositive issue concerns the relationship among the State, the physician, and the prisoner. Contracting out prison medical care does not relieve the State of its constitutional duty to provide adequate medical treatment to those in its custody, and it does not deprive the State's prisoners of the means to vindicate their Eighth Amendment rights. . . . [I]f this were the basis for delimiting § 1983 liability, the state will be free to contract out all services which it is constitutionally obligated to provide and leave its citizens with no means for vindication of those rights, whose protection has been delegated to 'private' actors, when they have been denied.") (internal quotation and citation omitted).

2. Physical Injury

Menchaca next argues that Plaintiff's Section 1983 claim should be dismissed because there is no evidence that he caused more than a *de minimis* physical injury as required by the PLRA. *See* Def.'s Br. [D.E. 131 at 18]. In his Motion to Dismiss, Menchaca similarly argued that Plaintiff's failure to meet the *de minimis* standard was a complete bar to recovery under the PLRA requiring dismissal of Plaintiff's claim. *See* Br. in Supp. of Mot. to Dismiss [D.E. 34-2 at 10-11]. As explained in the undersigned's Findings, Conclusions, and Recommendation on Menchaca's Motion to Dismiss, the lack of a physical injury does not preclude a civil rights claim. *See* Findings, Conclusions, and Recommendation [D.E. 69 at 8-9] ("[W]hile the failure to allege a physical injury

prevents a plaintiff from recovering compensatory damages due to mental and emotional injuries under § 1997e(e), failure to allege a physical injury is not necessarily dispositive of a civil rights claim."); *Kossie v. Crain*, 354 Fed. Appx. 82, 83 (5th Cir. 2009) (explaining that failing to satisfy the requirements of § 1997e(e) forecloses actions for money damages, but not actions for injunctive or declaratory relief); *Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007) (holding that a plaintiff may recover nominal or punitive damages despite failing to meet § 1997e(e) if he can show a violation of his constitutional rights); *Williams v. Kaufman Cnty.*, 352 F.3d 994, 1014 (5th Cir. 2003) ("The law is well-established in this Circuit that plaintiffs may recover nominal damages when their constitutional rights have been violated but they are unable to prove actual injury."). Therefore, Plaintiff's claim should not be dismissed on this ground.

3. Expert Testimony

Menchaca argues that Plaintiff lacks expert testimony necessary to establish causation as to his allegations of mental anguish and Methicillin-resistant Staphylococcus aureus infection which are outside the common knowledge and experience of jurors. *See* Def.'s Br. [D.E. 131 at 28]. Further, Menchaca contends that the Supreme Court has long required that compensatory damages for emotional distress need to be supported by competent evidence which Plaintiff here lacks. *See id.* [D.E. 131 at 31]. However, because Plaintiff can recover nominal or punitive damages even if he is not able to prove actual injury, Menchaca's argument that Plaintiff's claim should be dismissed because he does not have expert testimony to prove causation and damages lacks merit. *See Williams*, 352 F.3d at 1014 ("The district court rejected plaintiffs' request for compensatory damages because it found that plaintiffs had failed to prove a specific and discernable injury to their respective emotional states. Nevertheless, the court awarded plaintiffs nominal damages of $100 per plaintiff,

and punitive damages of $15,000 per plaintiff against Harris in his individual capacity. . . . [T]he judgments of the district court are, in all respects affirmed."); *Hutchins*, 512 F.3d at198 ("[T]he district court erred in dismissing Hutchins's § 1983 claim in its entirety. While Hutchins is certainly barred from recovering any compensatory damages in the absence of physical injury, we hold today that Hutchins may recover nominal or punitive damages, despite § 1997e(e), if he can successfully prove that McDaniels violated his Fourth Amendment rights."). Therefore, Plaintiff's Section 1983 claim should not be dismissed on the ground that Plaintiff lacks expert testimony.

**Recommendation**

For the foregoing reasons, the undersigned respectfully recommends that the Court DENY Menchaca's Motion for Summary Judgment [D.E. 130].

**SO RECOMMENDED**, this 19th day of November, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).