IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **RUBIN CRAIN, IV,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:12-CV-4063-L** |
| § | |
| **CESAR AUGUSTO MENCHACA,** § | |
| § | |
| Defendant. § | |

## ORDER

Before the court is Defendant's Motion for Summary Judgment (Doc. 130), filed September 29, 2014; Plaintiff's Amended Motion for Summary Judgment (Doc. 110), filed June 26, 2014; and the November 19, 2014 Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") recommending denial of Defendant's Motion for Summary Judgment (Doc. 139). After considering the motions; briefs; responses; replies; the parties' objections to the Report and related briefs filed by them; evidence; the record; and applicable law, the court determines that the findings and conclusions as to Defendant's Motion for Summary Judgment (Doc. 139) are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Menchaca's and Plaintiff's objections to the Report and **denies** Defendant's Motion for Summary Judgment (Doc. 130). The court nevertheless *sua sponte* concludes that Plaintiff's claims against Menchaca fail for other reasons. Thus, for the reasons herein explained, the court **dismisses without prejudice** Plaintiff's request for injunctive or declaratory for lack of standing; and **dismisses with prejudice** Plaintiff's claim for compensatory damages pursuant to 28 U.S.C. § 1915(e)(2)(ii) for failure to state a claim

upon which relief can be granted. The court's determination moots Plaintiff's Amended Motion for Summary Judgment (Doc. 110), which is **denied as moot**.

I.      **Factual and Procedural Background**

Plaintiff Rubin Crain, IV ("Plaintiff" or "Crain"), a prisoner at the Dallas County Jail, brought this *pro se* action pursuant to 42 U.S.C. § 1983 on October 11, 2014, alleging various constitutional violations stemming from his hospitalization at Parkland Hospital ("Parkland") from April 9, 2012, through May 11, 2012. In his various pleadings filed in this action, Plaintiff asserted claims against the following Defendants: Parkland Hospital ("Parkland"); Parkland nurses Cesar Augusto Menchaca ("Menchaca"), Ms. Trean, Ms. Teresa, and Mr. Jerry; Dallas County Jail Officers Ms. Lacy and John Doe; the Dallas Sheriff Detention Bureau and officers; and Nurses Now International ("NNI"). All of Plaintiff's claims, except those asserted against Menchaca were previously dismissed.

In Plaintiff's original Complaint ("Original Complaint") (Doc. 3) and in response to the magistrate judge's Questionnaire (Doc. 7), Plaintiff alleged that, while he was at Parkland being treated for an infected finger, Menchaca fondled his genital area twice without his consent, and that he suffered mental anguish as a result. Plaintiff requested to have Menchaca arrested and criminally charged. For relief, Plaintiff also requested a full investigation into Menchaca's past, present, and future activities and "all tort claim (state and/or federal) that's due to me through this suit." Pl.'s Orig. Compl. 12. Plaintiff similarly indicated in response to the magistrate judge's Questionnaire that he was seeking "any and all State tort claim(s) and Federal tort claim(s) therein to be awarded to [him] by the law(s) of the United States of America." Pl.'s Resp. to Questionnaire 3 (Doc. 7).

On January 4, 2013, Plaintiff filed a Motion to Amend (Doc. 14) his pleadings, which the magistrate judge granted on February 4, 2014 (Doc. 21), and construed as Plaintiff's Amended Complaint ("Amended Complaint"). *See* Report 2 (Doc. 139); *see also* May 20, 2014 Report 2 (Doc. 105). In his Amended Complaint, Plaintiff alleged that he suffered a "small cut and bruise" as a result of the alleged sexual assault that later became infected and required treatment at the medical center in the Dallas County Sheriff Detention Bureau on July 5, 2012. In addition, Plaintiff alleged that he was taking medication for "depression, anger, loss of appetite/weight, and not being able to make sound decisions" as a result of being sexually assaulted by Menchaca and reurged his request that Menchaca be arrested. Pl.'s Am. Compl. 4 and 7 ("Plaintiff places hi[m]self at the mercy of the Court or the State tort claim of Battery and the Federal Tort claim of Bodily Integrity by which combining both agencies and all parties included as defendants herein one liability, and to have Menchaca still arrested."). Plaintiff also requested that the court enact a "Mercy Response Act for the safety of all inmates" that would: (1) require Parkland to take seriously all inmate complaints until a "full investigation" of each complaint has been made and concluded; and (2) require "Dallas County Officers" to protect inmates who are transported to and from Parkland.[1] Pl.'s Am. Compl. 9-10 (internal quotation marks omitted).

---

[1] Plaintiff requested similarly nonspecific injunctive or declaratory relief in another case filed by him against Dallas County Jail Officer Lawrence Penney ("Officer Penney"). *See Crain v. Penney*, Case No. 3:13-CV-725-N(BF), 2014 WL 2566243, at *1 (N.D. Tex. May 23, 2014). In his action against Officer Penney, Plaintiff requested, among other things, that the court arrest Officer Penney, implement a "Mercy Response Act," and order a "full investigation" of the alleged assault by Officer Penney. *See id.* Magistrate Judge Stickney determined in *Penney*, and the district court subsequently agreed, that Plaintiff's request for injunctive relief was not sufficiently specific and that a preliminary injunction was not the proper remedy to address Plaintiff's complaints regarding the Dallas County Sheriff Detention Bureau's hiring and training policies or his request to have Officer Penney arrested. Plaintiff's claim in this case is similar to the one he asserted in *Penney* in that it involves an alleged assault. The relief he seeks is also similar in nature to that sought in *Penney*. Plaintiff was therefore on notice, as early as May 2014, that the injunctive or declaratory relief he sought in this case could not be granted.

**Order – Page 3**

On February 22, 2013, Plaintiff's claims against all Defendants, except Parkland and Menchaca, were dismissed pursuant to 28 U.S.C. § 1915(e)(2). On March 12, 2013, Plaintiff was allowed to amend his pleadings to add NNI as a party. The addition of NNI, however, was treated merely as a supplement to Plaintiff's Amended Complaint. Plaintiff's Amended Complaint (Doc. 14) is therefore the live or operative pleading in this action, and the court will consider it in ruling on the parties' summary judgment motions.[2] On January 2, 2014, Plaintiff's claim against Parkland was dismissed under Federal Rule of Civil Procedure 12(b)(6), and Plaintiff's claim against NNI was dismissed pursuant to Federal Rule of Civil Procedure 41(b).

On June 26, 2014, Plaintiff moved for summary judgment on his claim against Menchaca. On September 29, 2014, Menchaca moved for summary judgment on Plaintiff's claim against him, contending that: (1) he does not qualify as a state actor; (2) there is no evidence that Plaintiff suffered a physical injury to his groin area as a result of the alleged sexual assault and any small cut or bruise alleged by Plaintiff is *de minimus* and insufficient for purposes of 42 U.S.C. § 1997e(e); (3) there is no evidence that he caused a physical injury as a result of the alleged assault as required by the Prison Litigation Reform Act ("PLRA"), and (4) Plaintiff has no documentation or expert testimony to support his contentions regarding mental anguish and a cut to his groin area.

On November 19, 2014, Magistrate Judge Paul D. Stickney entered his findings and conclusions (Doc. 139), recommending that the court deny Defendant's Motion for Summary

---

[2] In addressing the parties' motions and the Report, the magistrate judge, as well as the parties, reference Plaintiff's Amended Complaint, as well as the Original Complaint (Doc. 3). As noted, however, the Amended Complaint is the operative pleading, as it replaced Plaintiff's prior pleadings. The court therefore considers only Plaintiff's Amended Complaint (Doc. 14) in ruling on the parties' motions and determining whether the action should be dismissed. Even if the court were to consider Plaintiff's Original Complaint and his responses to the magistrate judge's Questionnaire, the result would be the same because, as herein explained, none of Plaintiff's pleadings includes a request for damages of any sort against any Defendant in this case, let alone Menchaca, and the court does not have authority to grant the declaratory or injunctive relief that Plaintiff seeks.

Order – Page 4

Judgment (Doc. 130). The magistrate judge rejected Menchaca's state actor argument. The magistrate judge also determined that Menchaca's physical injury argument lacked merit because, while lack of physical injury evidence and expert testimony regarding causation was fatal to any claim by Plaintiff for compensatory or money damages, it did not preclude recovery of nominal or punitive damages and injunctive or declaratory relief under section 1997e(e).[3]

Menchaca filed objections to the Report (Doc. 140), to which Plaintiff responded (Doc. 142) and Menchaca replied (Doc. 145). In addition to the arguments previously raised in support of his summary judgment motion, Menchaca contends for the first time in his objections that he is entitled to judgment on Plaintiff's section 1983 claim in light of the magistrate judge's determination that a lack of physical injury forecloses compensatory damages but not nominal or punitive damages under the PLRA because Plaintiff's pleadings do not contain a request for nominal or punitive damages.[4]

---

[3] Although the Report rejects as meritless Menchaca's arguments pertaining to physical injury evidence and causation in light of the availability of nominal or punitive damages and injunctive or declaratory relief, it does not specifically address Menchaca's arguments that there is insufficient evidence of these elements to support a genuine dispute of material fact. The Report instead appears to impliedly conclude as much. To avoid debate or confusion, the court determines that Plaintiff, in response to Menchaca's summary judgment motion, failed to come forward with sufficient evidence as to these issues to raise a genuine dispute of material fact and interprets the Report as reaching the same conclusion.

[4] Throughout his summary judgment motion, Menchaca refers to Plaintiff's claim for compensatory damages. He similarly asserts in his objections to the Report that Plaintiff requested compensatory damages in the amount of $370,000 and cites to page eight of Plaintiff's Amended Complaint. The court, however, was unable to find any request for compensatory damages in Plaintiff's pleadings for this amount or any other amount. On the page indicated in his Amended Complaint, Plaintiff alleges that Parkland was previously required to pay a million-dollar fine but does not request damages. The only other arguable reference to money damages that the court was able to locate in the record appears in Plaintiff's Motion for Modus Operandi Within the Constitution and Laws of the United States (Doc. 44), filed March 27, 2013, which the magistrate judge construed as a motion for default against Menchaca for failing to file an answer or response to his Amended Complaint on or before March 6, 2013 (Doc. 47), and denied. In the Modus Operandi, Plaintiff contends on pages three and four that NNI should be required to pay $130,000 to fund, with the court's oversight, his proposed Mercy Response Act and "New Mercy Response Research/Crisis Center" in Dallas to provide a 24-hour hotline, emergency shelter, and support for victims of sexual assault or abuse (men, women, and children) and missing persons. Doc. 44 at 3-4 (internal quotation marks omitted). This request, however, was made in a motion and was not urged with respect to Menchaca.

Plaintiff filed a separate response to the Report in which he indicates that he has no objections to the Report but continues to maintain that he is entitled to compensatory damages for his mental and emotional injuries (Doc. 141). For the first time, Plaintiff also contends that he is entitled to "nominal and punitive damages" for the alleged constitutional violation and requests the court to enter a judgment in his favor. (Doc. 141 at 3). Although Plaintiff indicates that he has no objections to the Report, the court construes his contention regarding entitlement to compensatory damages as an objection to the Report since this contention is contrary to the magistrate judge's determination that lack of physical injury forecloses an award of compensatory damages for mental and emotional injuries under section 1997e(e). In response to Menchaca's objections to the Report, Plaintiff also requests that the court award him nominal and punitive damages "in accordance with the constitutional violation and deprivation of due process (ERA) as well as the 'compensatory damages' due to the sexual assault" and mental distress allegedly suffered as a result of the assault. Doc. 142 at 7. In support of his request, "Plaintiff contends that the nominal and the punitive damages ha[ve] been plead[ed] in accordance to constitutional violation." *Id*. at 3.

For the reasons that follow, the court disagrees that Plaintiff has pleaded nominal or punitive damages and determines that his requests for injunctive or declaratory relief fail for other reasons such that dismissal of Plaintiff's remaining claims against Menchaca is appropriate.

**II.     Discussion**

As correctly noted by the magistrate judge, the Fifth Circuit has held that failure of a plaintiff to allege or prove physical injury precludes recovery of compensatory damages for mental and emotional injuries under section 1997e(e) but not recovery of nominal or punitive damages. Notwithstanding the magistrate judge's findings and conclusions, which are factually and legally

correct, the court determines that dismissal of Plaintiff's remaining claims in this actions against Menchaca is appropriate for another reason. Plaintiff was permitted to proceed *in forma pauperis* in this action. As a result, his Amended Complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2). Dismissal is also appropriate if the court determines that it lacks jurisdiction.

As previously noted, Plaintiff in his Amended Complaint, requests as declaratory or injunctive relief that the court arrest Menchaca and "bring about a 'Mercy Response Act' for the safety of all inmates" that would: (1) require Parkland to take seriously all inmate complaints until "full investigation" of the complaints has been made and concluded; and (2) require "Dallas County Officers" to protect inmates who are transported to and from Parkland. Pl.'s Am. Compl. 9-10. The court does not have authority to arrest or investigate Menchaca or to enact a "Mercy Response Act" or any other legislation; nor can it grant the vague and generalized injunctive relief requested by Plaintiff with respect to Parkland and Dallas County Officers and all inmates.[5]

Moreover, Parkland is no longer a party in this action, and "Dallas County Officers" was never a party to the action.[6] Plaintiff's only surviving claim is against Menchaca. Any relief granted must therefore be limited to that which can be imposed against Menchaca. Thus, while the lack of physical injury evidence and expert testimony regarding causation does not necessarily preclude a prisoner from recovering injunctive or declaratory relief, the injunctive or declaratory relief requested

---

[5] Plaintiff lacks constitutional standing to seek injunctive relief for the benefit of unknown third parties, and his request for an injunction is based on mere speculation that such injury will occur again in the future. *See Barrows v. Jackson*, 346 U.S. 249, 255 (1952) (discussing standing in regard to third parties); *Society of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir. 1992) (discussing standing requirement of real and immediate injury).

[6] Even assuming that Plaintiff is referring to his claims against the Dallas Sheriff Detention Bureau or officers of the Sheriff Detention Bureau, these claims and parties were dismissed from the action a year ago.

by Plaintiff in his Amended Complaint cannot be granted by the court, and Plaintiff lacks standing to request such relief.

Further, while a prisoner can, absent a showing of physical injury, pursue nominal or punitive damages, Plaintiff does not request nominal or punitive damages in his Amended Complaint. Plaintiff's claim for compensatory damages under section 1983 against Menchaca therefore fails as a matter of law, and dismissal is appropriate pursuant to 28 U.S.C. § 1915(e)(2)(ii) for failure to state a claim upon which relief can be granted. *See Mayfield v. Texas Dep't of Criminal Justice*, 529 F.3d 599, 606 (5th Cir. 2008) (concluding that the plaintiff's claim for damages was barred under section 1997e(e) because he only sought compensatory damages); *Stern v. Hinds Cnty., Miss.*, 436 F. App'x 381, 382 (5th Cir. 2011) (holding that "[t]he district court did not err in failing to consider nominal damages . . . because [the plaintiff] did not seek such relief"); *Busick v. Neal*, 380 F. App'x 392, 398 (5th Cir. 2010) (holding that "[b]ecause Busick did not request nominal damages, his freedom of religion claims could not survive summary judgment on that basis"); Because Menchaca did not move for summary judgment on this basis, and the court determines that the Report as to his summary judgment motion is correct, the court will deny Menchaca's summary judgment motion as recommended by the magistrate judge. *See John Deere Co. v. American Nat'l Bank, Stafford*, 809 F.2d 1190, 1192 (5th Cir. 1987) ("Since the district court relied on grounds not advanced by the moving party as a basis for granting summary judgment, and did not give proper notice to the Bank before granting judgment on such grounds, its judgment cannot be upheld on appeal.").

Accordingly, the court determines that the magistrate judge's findings and conclusions with respect to Menchaca's summary judgment motion are correct, **accepts** them as those of the court, **overrules** Menchaca's and Plaintiff's objections to the Report, and **denies** Defendant's Motion for

Summary Judgment (Doc. 130). The court nevertheless, for the reasons explained, *sua sponte* determines that dismissal of Plaintiff's remaining claims against Menchaca is appropriate. The court therefore **dismisses without prejudice** Plaintiff's request for injunctive or declaratory for lack of standing; and **dismisses with prejudice** Plaintiff's claim for damages pursuant to 28 U.S.C. § 1915(e)(2)(ii) for failure to state a claim upon which relief can be granted. The court's determination moots Plaintiff's Amended Motion for Summary Judgment (Doc. 110), which is **denied as moot**.

### III.   Amendment of Pleadings

Plaintiff has had ample opportunity to amend his pleadings to allege viable claims in the more than two years that this case has been pending, and the June 28, 2013 deadline for amendment of pleadings has long since expired. As previously noted, Plaintiff was also on notice that the declaratory or injunctive relief he sought was inappropriate and insufficiently specific. The court therefore determines that such further attempts would unnecessarily delay the resolution of this action.

Moreover, Plaintiff has not requested to further amend his pleadings. Even if Plaintiff had sought leave to amend his pleadings, the court would not allow further amendment of Plaintiff's pleadings at this late juncture. As stated in *Daves v. Payless Cashways, Inc.*, 661 F.2d 1022 (5th Cir. 1981):

> At some point in the course of litigation, an unjustified delay preceding a motion to amend goes beyond excusable neglect, even when there is no evidence of bad faith or dilatory motive. Liberality in pleading does not bestow on a litigant the privilege of neglecting [his] case for a long period of time. While we must give a party a fair chance to present claims and defenses, we also must protect "a busy district court (from being) imposed upon by the presentation of theories seriatim."

*Id.* at 1025 (citations omitted). In light of the undue delay in this case and the potential prejudice to Defendant, the court concludes that any request by Plaintiff for leave to amend at this stage of the litigation to add a claim for nominal or punitive comes too late. Accordingly, the court will not allow Plaintiff to further amend his pleadings.

## IV. Conclusion

For the reasons stated, the court **accepts** the magistrate judge's findings and conclusions as to Defendant's Motion for Summary Judgment (Doc. 139) as those of the court, **overrules** Menchaca's and Plaintiff's objections to the Report, and **denies** Defendant's Motion for Summary Judgment (Doc. 130). The court nevertheless, for the reasons explained, **dismisses without prejudice** Plaintiff's request for injunctive or declaratory for lack of standing; and **dismisses with prejudice** Plaintiff's claim for damages pursuant to 28 U.S.C. § 1915(e)(2)(ii) for failure to state a claim upon which relief can be granted. The court's determination in this regard moots Plaintiff's Amended Motion for Summary Judgment (Doc. 110), which is **denied as moot**.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). The court concludes that any appeal of this action would present no legal point of arguable merit and would therefore be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. 24(a)(5).

**It is so ordered** this 4th day of February, 2015.

_____
Sam A. Lindsay
United States District Judge

**It is so ordered** this 4th day of February, 2015.

/s/ Sam A. Lindsay
Sam A. Lindsay
United States District Judge

Order - Page 11

**It is so ordered** this 4th day of February, 2015.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge